**In re Marie AGEE, Debtor.**

No. 01–51243.

United States Bankruptcy Court,
S.D. Ohio,
Eastern Division.

Oct. 11, 2001.

Christopher J. Spiroff, Columbus, OH, for debtor.

Frank M. Pees, Worthington, OH, Chapter 13 Trustee.

## OPINION AND ORDER ON APPLICATION FOR ATTORNEY COMPENSATION

BARBARA J. SELLERS, Bankruptcy Judge.

This matter is before the Court on the merits of an application by Christopher J. Spiroff, debtor's attorney ("Attorney"), for an award of compensation. The debtor opposed the Attorney's request and the Court heard the matter.

This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and the General Order of Reference entered in this district. This is a core matter which this bankruptcy judge may hear and determine under 28 U.S.C. § 157(b)(2)(A).

The debtor filed her petition under chapter 13 of the Bankruptcy Code on February 8, 2001. For various reasons her plan was never confirmed by the Court and on July 16, 2001, the Court denied confirmation and dismissed her case. Subsequent to the order of dismissal the Attorney applied for the allowance of compensation. The Attorney seeks $4,025 for services and reimbursement of expenses of $82.44. After credit is given to the debtor for $1,250 previously paid, the amount remaining to be paid would be $2,857.44. That amount corresponds to the funds being held by the chapter 13 trustee for

refund to the debtor as required by 11 U.S.C. § 1326(a)(2).

The debtor objected to the Attorney's application. She maintains that the $850 she paid the Attorney prior to her bankruptcy filing was, by agreement, to be full payment for his services in her chapter 13 case. The additional $400 she paid before the bankruptcy filing, by her testimony, was payment for the Attorney's representation in a foreclosure action previously pending in state court.

The evidence established that the debtor and the Attorney executed a "Fee Agreement for Legal Services" on February 8, 2001. That agreement relates only to services for the chapter 13 case. It discloses the initial fee of $850 and sets out matters excluded by the Fee Agreement. Those exclusions are not relevant to this contested matter. The Fee Agreement also sets out a fee of $125 per hour for work performed on the case. Although the debtor believed that this part of the agreement related only to post-confirmation services or representation in adversary actions, the Attorney maintains that it is not so limited.

The Court finds that the Attorney is correct in his interpretation of the Fee Agreement. The Fee Agreement is not a model of clarity, but after consideration of its substance, the Court finds that the $850 is not meant to be a cap on the amount which can be billed for services through plan confirmation. The Court notes, however, that the Rule 2016(b) statement filed by the Attorney along with the bankruptcy petition is inconsistent with the position he has taken in this contested matter. If there is an hourly fee agreement, rather than a fixed fee arrangement, the Rule 2016(b) statement should accurately reflect that. The statement filed in this case does not.

Even though the Court accepts the Attorney's interpretation of the Fee Agreement as establishing an agreed-upon hourly rate for his services, the Court will not award the full amount sought at this time. Testimony at the hearing established that some portion of the services for which compensation is being sought were not provided by the Attorney, but by another person in the Attorney's office. The Court is unaware whether any other providers are attorneys or other professionals for which compensation is properly sought under the Bankruptcy Code. The Court also believes the services related to the foreclosure action were compensated through the $400 the debtor paid on August 21, 2000. Those services should not, therefore, be part of any compensation sought under the Fee Agreement which pertains only to services related for the chapter 13 case. The Court also observes that the requested $4,025 is greatly in excess of fees normally awarded to attorneys for services in relatively uncomplicated consumer chapter 13 cases, even where confirmation is obtained. Benefit to the debtor is also a factor that the Court must examine in this case under 11 U.S.C. § 330(a)(4)(B).

Based on the foregoing, the Court orders the Attorney to re-file or amend his application to eliminate the services related to the foreclosure action and to set forth precisely what professional performed each of the services for which compensation is sought. Such amended application should be filed within twenty (20) days of the entry of this order. If the provider is not the Attorney himself, the professional qualification and the rate charged for any such provider must be shown. If an amended application is not timely filed and served, the Court will deny the pending application.

**IT IS SO ORDERED.**